590 F.2d 207
 BRICKLAYERS FRINGE BENEFIT FUNDS, Metropolitan Area, Detroit
Metropolitan Area Executive Committee of the Bricklayers,
Masons and Plasterers International Union of America,
AFL-CIO, Plaintiffs-Appellants,
v.
NORTH PERRY BAPTIST CHURCH OF PONTIAC, Williamson County
Bank and B. R. Thomas, Defendants-Appellees.
 No. 77-1192.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 15, 1978.
Decided Jan. 19, 1979.
 
 Sheldon M. Meizlish, Rolland R. O'Hare, Detroit, Mich., for plaintiffs-appellants.
 Richard A. Campbell, Campbell, Kurzman, Plunkett, & Roggenbaum, Catherine J. Rush, Bloomfield Hills, Mich., for defendants-appellees.
 Before LIVELY and MERRITT, Circuit Judges, and TAYLOR, District Judge.*
 MERRITT, Circuit Judge.
 
 
 1
 The question on appeal is whether a lien foreclosure action is an "ancillary" remedy for the collection of a judgment under Rule 64, Federal Rules of Civil Procedure, and, if not, whether the District Judge abused his discretion in refusing to consider the foreclosure claim as a pendent state claim.
 
 
 2
 A contractor's employees were laborers on a construction project. They are members of the plaintiff union, the appellant in this case. The contractor failed to make contributions to the union for his employees' fringe benefits as required by their collective bargaining agreement. The labor union brought suit against the contractor for breach of contract under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The District Court entered a default judgment against the contractor for the amount of the unpaid employee fringe benefits.
 
 
 3
 The union's complaint against the contractor also sought foreclosure of a mechanic's lien against the construction project property owned by a church and a bank who were added party defendants below and are the appellees here. The plaintiff labor union appeals from a District Court order dismissing its mechanic's lien foreclosure claim against the church and the bank. These foreclosure claims are characterized on appeal as pendent state claims.
 
 
 4
 We affirm the District Court's dismissal of the foreclosure claims. The District Court has discretion to exercise jurisdiction with respect to such pendent state claims under Aldinger v. Howard, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), and United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Our review of the record and briefs in the case disclose that the District Judge did not abuse his discretion in declining to exercise pendent jurisdiction, especially in light of the fact that the foreclosure claims appear to raise unresolved questions of Michigan law.
 
 
 5
 Neither do we believe that plaintiff's foreclosure claims against the owners of the project fall within the remedies contemplated by Rule 64 of the Federal Rules of Civil Procedure, governing seizure of property in order to satisfy the judgment against the contractor. For the purpose of executing on a judgment rendered by a federal court, Rule 64 provides "ancillary" remedies including "arrest, attachment, garnishment . . . and other . . . equivalent remedies." We do not believe that a lien foreclosure proceeding is "equivalent" to any of these ancillary remedies because it is not a remedy against the judgment debtor or against a person who is personally indebted to, or in possession of the property of, the judgment debtor. Moreover, Rule 64 provides for such execution on a federal judgment "in the manner provided by the law of the state in which the District Court is held." We find no federal or Michigan authority characterizing a lien foreclosure action under Michigan law as an "ancillary" remedy for the purpose of executing on a judgment. Indeed, it is unresolved under Michigan law whether a labor union is entitled to bring such a lien foreclosure action on behalf of its members at all.
 
 
 6
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 *
 The Honorable Robert L. Taylor, Judge, United States District Court for the Eastern District of Tennessee, sitting by designation