**IRON WORKERS MID–SOUTH PENSION FUND, et al.,**

v.

**TEROTECHNOLOGY CORPORATION, et al.**

Civ. A. No. 87–660–B.

United States District Court, M.D. Louisiana.

Dec. 2, 1988.

Marie Healey, Gardner, Robein & Healey, Metairie, La., for plaintiffs.

James L. Ellis, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for defendants.

## RULING ON BORDEN CHEMICAL'S MOTION TO DISMISS

POLOZOLA, District Judge.

Borden Chemical ("Borden") employed a contractor, Terotechnology Corporation ("Terotechnology") to perform work on certain property which was owned by Borden. During this period of time, Terotechnology was obligated under a collective bargaining agreement to make contributions to certain employee pension plans. It is clear that Borden was not a party to this collective bargaining agreement nor was it otherwise obligated to make contributions to the benefit plans. Borden simply owned certain property on which Terotechnology had a contract to perform work. After Terotechnology failed to make contributions as required under the bargaining agreements, plaintiffs[1] filed suit against Terotechnology and Borden seeking to recover contributions which should have been made to the employee pension funds by the workers' employer, Terotechnology. Plaintiffs filed suit against Terotechnology under the Employee Retirement Income Security Act, 29 U.S.C. § 1132 ("ERISA"). The claim against Borden was brought pursuant to the Louisiana Private Works Act, La.R.S. 9:4801 et seq. and specifically under § 4803 of that act. Plaintiffs contend that since Borden owns the facility on which the contractor was to perform work, it is liable to the employees for the contributions which Terotechnology should have paid to the plans.

This matter is now before the Court on a motion to dismiss filed by Borden pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Borden contends that the complaint fails to state a claim upon which relief can be granted because ERISA ex-

---

1. Plaintiffs in this motion are Iron Workers Mid–South Pension Fund, Iron Workers Welfare Fund, Laborers National Pension Fund, Louisiana Laborers Health and Welfare Fund, Millwrights Local No. 720 Pension Fund, and I.B.P.A.T. Local 728 Health and Welfare Fund.

Not involved in this motion are the claims of the Construction & General Laborers Local 1177, Millwrights & Machinery Erectors Local Union No. 720, and IUOE Local Union No. 406 which seek payment of dues deducted from the employees' wages.

pressly preempts state laws such as R.S. 9:4803 which "relate to" an employee benefit plan. Borden also contends that no cause of action exists under ERISA against it because Borden was only a property owner who was a non-signatory to a collective bargaining agreement and, therefore, was not an "employer" under the Act.

▇ Thus the first issue the Court must consider is whether or not ERISA preempts La.R.S. 9:4803.[2] ERISA's preemptive provision is set forth at 29 U.S.C. § 1144(a) and states:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan....

The Court must look to congressional intent to determine whether or not a state law is preempted by a federal law. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 208, 105 S.Ct. 1904, 1909, 85 L.Ed.2d 206 (1985). It is clear that the preemptive language used by Congress in ERISA is explicit and broad in scope and provides: "all State laws insofar as they ... relate to any employee benefit plan" are pre-empted. By using this language, Congress clearly intended to establish pension plan regulation as exclusively a matter of federal concern. *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981). Furthermore, the United States Supreme Court stated in *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983):

> The bill that became ERISA originally contained a limited pre-emption clause, applicable only to state laws relating to

the specific subjects covered by ERISA. The Conference Committee rejected these provisions in favor of the present language, and indicated that the section's pre-emptive scope was as broad as its language.

Thus, it is clear that Congress intended the preemption provision of ERISA to have an expansive reach. In addition, the courts have broadly construed the words "relate to" in order to give proper effect to the preemption language of ERISA. In *Pilot Life v. Dedeaux,* 481 U.S. 41, 47–48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987), the United States Supreme Court stated:

> In both *Metropolitan Life [Ins. Co. v. Massachusetts], supra* [471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985)], and *Shaw v. Delta Air Lines, Inc., supra,* 463 U.S. at 96–100, 103 S.Ct., at 2899–2901, we noted the expansive sweep of the pre-emption clause. In both cases "[t]he phrase 'relate to' was given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" (citation omitted) In particular we have emphasized that the pre-emption clause is not limited to "state laws specifically designed to affect employee benefit plans."

Therefore, the Court finds that La.R.S. 9:4803, as employed by plaintiffs in this case, falls within the preemptive scope of § 514(a) of ERISA as a state law which "relates to" an employee benefit plan. La. R.S. 9:4803 makes direct reference to health and welfare and pension benefits and purports to provide a mechanism for the assertion and enforcement of claims to these benefits. In fact, the plaintiffs in this suit are attempting to utilize this state

---

2. La.R.S. 9:4803 provides in part:

A. The privileges granted by R.S. 9:4801 and the claims granted by R.S. 9:4802 secure payment of:

(3) Amounts owed under collective bargaining agreements with respect to a laborer's or employee's wages or other compensation for which a claim or privilege is granted and which are payable to other persons for vacation, *health and welfare, pension,* apprenticeship and training, supplemental unemployment benefits, and other fringe benefits considered as wages by the

secretary of labor of the United States in determining prevailing wage rates, unless the immovable upon which the work is performed is designed or intended to be occupied primarily as a residence by four families or less. *Trustees, trust funds, or other persons to whom the employer is to make such payments may assert* and enforce claims for the amounts in the same manner and subject to the same procedures provided for other amounts due laborers or employees granted a claim or privilege under this Part. (emphasis added)

statute to collect unpaid contributions to their employee benefit plan. In *McMahon v. McDowell*, 794 F.2d 100 (3rd Cir.1986), *cert. denied*, 479 U.S. 971, 107 S.Ct. 473, 93 L.Ed.2d 417 the court held that state laws relating to covered benefit plans, "even those that are arguably consistent with the goals of ERISA, are preempted by Section 514(a), 29 U.S.C. § 1144(a)." *Id.* at 108. In *McMahon*, former employees sought to recover unpaid wages, pension contributions, and fringe benefits allegedly owed to them under ERISA, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. Stat. § 260.1 et seq. (Supp.1985), and state contract law. The court held that the WPCL, "as employed by plaintiffs, plainly relates to ... pension plans and therefore is preempted by Sectin 514(a), 29 U.S.C. § 1144(a). Insofar as the WPCL authorizes the liability of [defendant] ... for unpaid employee benefit plan obligations, it obviously relates, refers, and pertains to the underlying employee benefit plans." *Id.* at 106. The court went on to state that the WPCL "does not merely relate to ... pension plans, it competes with the [recovery] mechanism that Congress carefully established in ERISA itself ... Plaintiffs are here attempting to avoid ERISA's mechanisms for enforcing benefit plan contributions and to substitute instead a state regulation that circumvents the scheme carefully devised by Congress." *Id.* at 107.

 Having concluded that ERISA applies in this case, the Court must next determine whether or not plaintiffs have a cause of action under ERISA against Borden. As noted earlier, Borden is a property owner who is a non-signatory to the collective bargaining agreement which obligates Terotechnology to make contributions to the various pension plans. Section 514 of ERISA imposes a statutory obligation on an "employer"[3] to make contributions to a benefit plan that are required by a collective bargaining agreement. Plaintiffs con-

cede that Terotechnology was the employer, signatory to the collective bargaining agreement, and the entity obligated to make the contributions to the employee benefit plans sought herein. The plaintiffs further concede that Borden was simply the owner of property on which Terotechnology contracted to perform work. Plaintiffs do not contend that Borden is either the employer of the plan participants or a signatory to any collective bargaining agreement. In *Carpenters Southern California Administrative Corp. v. Majestic Housing*, 743 F.2d 1341 (9th Cir.1984)[4] the court stated that "we find no evidence in the legislative history of ERISA or its 1980 amendments that a non-signatory property owner whose holdings are subject to a state mechanic's lien was intended as a proper defendant in an action to enforce the employer's obligations." *Id.* at 1346. Thus the Court finds that plaintiffs have no cause of action against Borden under ERISA. The Court must note that plaintiffs have conceded in their brief that the owner of property at which work is performed is not an "employer" under ERISA and no action for delinquent contributions exists under ERISA against such an entity. Indeed, plaintiffs state that this is precisely the reason why their cause of action against Borden was brought under state law and not under ERISA.

In summary, the Court finds that ERISA preempts La.R.S. 9:4803. The Court further finds that plaintiffs have no cause of action under ERISA against Borden.

Therefore:

IT IS ORDERED that the motion of Borden Chemical to dismiss be and it is hereby GRANTED.

---

**3.** 29 U.S.C. § 1002(5) defines "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity."

**4.** See also *Chicago Dist. Council of Carpenters Pension Fund v. Strom*, 634 F.Supp. 163 (N.D.Ill. 1986).