James L. McCOY, Administrator of the Electrical Workers Trust Funds, Local 103 I.B.E.W., Plaintiff,

v.

MASSACHUSETTS INSTITUTE OF TECHNOLOGY, Defendant.

Civ. A. 90–11925–S.

United States District Court, D. Massachusetts.

March 1, 1991.

David W. Healey, Murphy, Hesse, Toomey & Lehane, Quincy, Mass., for plaintiff.

Bruce D. Berns, Palmer & Dodge, Boston, Mass., for defendant.

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

SKINNER, District Judge.

This is an action brought by the plaintiff, James McCoy, Administrator of the Electri-cal Workers Trust Funds ("the Funds"), Local 103 I.B.E.W., to enforce a lien against property owned by the defendant, Massachusetts Institute of Technology ("MIT"). The complaint was filed pursuant to M.G.L. c. 254 in the Middlesex Superior Court. The defendant removed the case to this court on the grounds that the Administrator's state law action is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The plaintiff now moves to remand the action back to the Superior Court on the grounds that this court lacks subject matter jurisdiction over the state lien claim. MIT moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) because the plaintiff's state law claim is preempted by ERISA.

*Background*

Plaintiff is the Administrator of various funds established pursuant to the requirements of 29 U.S.C. § 186. (Complaint, ¶¶ 1, 2) Participants of the Funds were employed by S.N. Brown Electrical Corporation ("Brown"), a subcontractor, in the "erection, alteration, repair, or removal of the building" located at 143–153 Albany Street, Cambridge, Massachusetts. (¶ 4) Defendant MIT is the owner of this property. (¶ 3) The Administrator contends that Brown was an employer obligated to make contributions to the Funds under a collective bargaining agreement. The Funds are owed over $30,000 in unpaid employee benefit plan contributions. (¶ 7) After complying with all the procedural requirements of M.G.L. c. 254 to obtain a lien on the Albany Street property, on July 17, 1990, the Administrator filed a complaint to foreclose on the lien in the Middlesex Superior Court. (¶¶ 5, 6, 7, 8, 9, 11)

*Discussion*

The plaintiff asserts that this action should be remanded on the grounds that M.G.L. c. 254 is not preempted by ERISA and this court lacks subject matter jurisdiction to adjudicate the Administrator's lien claim under chapter 254. The complaint makes no mention of ERISA or any other federal statute. The usual rule is that a cause of action arises under federal law for

**14**

purposes of 28 U.S.C. § 1331 only when the plaintiff's well-pleaded complaint raises an issue of federal law. *See Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Federal preemption is normally a federal defense to the plaintiff's suit. As a defense, therefore, it does not appear on the face of a well-pleaded complaint, and does not authorize removal to federal court. *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). The United States Supreme Court has noted, however, that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life*, 481 U.S. at 63–64, 107 S.Ct. at 1546 (holding that common law contract and tort claims that are preempted by ERISA are removable to federal court). Under the reasoning of *Metropolitan Life*, if ERISA preempts the Administrator's state lien claim, then this court has subject matter jurisdiction over this action even though the complaint on its face states no federal cause of action.

The issue I must decide in order to decide both the motion to remand and the motion to dismiss is whether M.G.L. c. 254 is preempted by ERISA. M.G.L. c. 254, § 1 reads:

A person to whom a debt is due for personal labor performed in the erection, alteration, repair or removal of a building or structure upon land ... shall ... have a lien upon such building or structure and upon the interest of the owner thereof in the lot of land upon which it is situated....

For purposes of this chapter, a person shall include any employee of any employer and the trustee or trustees of any fund or funds, established pursuant to section 302 of the Taft Hartley Law (29 USC 186), providing coverage or benefits to such person. The trustee or trustees of any such fund or funds shall have all the liens under this chapter that any person has. The trustee or trustees shall also have the right to enforce said liens pursuant to this chapter.

Under 29 U.S.C. § 1144(a), ERISA "shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan...." (Emphasis added.) An exception to the preemption provision is made for state laws regulating insurance, banking, or securities. § 1144(b)(2). Chapter 254 is not such a statute.

The Supreme Court has referred repeatedly to "the expansive sweep of the preemption clause." *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987). The Court has stated that the phrase "relate to" should be given its broad common-sense meaning, such that a state law "relates to" an employee benefit plan if it has a connection with or reference to such a plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–900, 77 L.Ed.2d 490 (1983). Chapter 254 clearly "relates to" employee benefit plans and is, therefore, expressly preempted by 29 U.S.C. § 1144(a).

The plaintiff argues that chapter 254 is not preempted because Congress, in enacting § 515 [1] and § 502(g)(2) [2] of ERISA, intended to supplement, not supersede, existing state law remedies for the collection of

---

**1.** Section 515, 29 U.S.C. § 1145 reads: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

**2.** Section 502(g)(2), 29 U.S.C. § 1132(g)(2) reads: "In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce

section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—(A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of—(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan ..., (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate."

plan contributions. The Court in *Pilot Life*, however, held that the civil enforcement scheme provided by ERISA § 502(a) was intended to be exclusive:

> The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. "The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted ... provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly."

*Pilot Life*, 481 U.S. at 54, 107 S.Ct. at 1556 (citation omitted).

The plaintiff claims that the holding in *Pilot Life* does not extend to actions by ERISA plans to recover delinquent contributions, and that ERISA does not preempt independent state law actions against nonemployers. In a case directly on point, however, the Court of Appeals for the Fifth Circuit held that a Louisiana statute similar to chapter 254 was preempted by ERISA. *Iron Workers Mid–South Pension Fund v. Terotechnology Corp.*, 891 F.2d 548 (5th Cir.1990), *cert. denied,* —— U.S. ——, 110 S.Ct. 3272, 111 L.Ed.2d 782 (1990). In *Iron Workers,* employee benefit plans brought suit both against a contractor which failed to make contributions to the plans as required by collective bargaining agreements and against the owner of the property on which the work was performed. Pursuant to a state lien statute, the funds attempted to enforce liens recorded against the property for contributions owed by the contractor. The court, interpreting *Pilot Life,* held that the state statute was preempted because it attempted to supplement the exclusive civil remedies provided by ERISA. 891 F.2d at 555. The court rejected the plaintiffs' argument that the state statute was merely an aid to the enforcement of a judgment. The court noted that the lien statute did more than provide remedies for collecting judgments; it created substantive rights. *Id.* The

Louisiana statute, like the Massachusetts statute, gave ERISA plans rights against not only employers but also property owners. *Id.* The court concluded that the legislative history of ERISA did not indicate any congressional intent to allow states to create new substantive rights for ERISA plans. *Id.* at 556. *See also McMahon v. McDowell,* 794 F.2d 100, 107 (3rd Cir.1986), *cert. denied,* 479 U.S. 971, 107 S.Ct. 473, 93 L.Ed.2d 417 (1986) (holding that plaintiffs could not enforce benefit plan contributions through a state regulation that circumvented ERISA's enforcement scheme).

Several state courts have addressed the issues raised by this case. The Court of Appeal of California held that a state mechanics' lien law could not be used by a trust fund fiduciary to collect fringe-benefit contributions allegedly owed by a subcontractor pursuant to a collective bargaining agreement. *Carpenters Southern California Administrative Corp. v. El Capitan Development Co.,* 223 Cal.App.3d 1034, 243 Cal.Rptr. 132 (5th Dist.1988), *review granted,* 246 Cal.Rptr. 209, 753 P.2d 1 (1988). The plaintiff has referred to two decisions holding that state statutes were not preempted by ERISA, but neither decision applies to the situation here. In *Sasso v. Vachris,* 66 N.Y.2d 28, 484 N.E.2d 1359, 494 N.Y.S.2d 856 (1985), the Court of Appeals of New York held that a state statute allowing employee benefit funds to recover unpaid contributions directly from the ten largest shareholders of a closely-held corporation was not preempted by ERISA. The court noted, however, that the effect of the state statute was merely to give plaintiffs an enforcement mechanism to recover payments the corporation was already obligated to provide under the collective bargaining agreement. 484 N.E.2d at 1362, 494 N.Y.S.2d at 859. In *Plumber's Local 458 Holiday Vacation Fund v. Howard Immel, Inc.,* 151 Wis.2d 233, 445 N.W.2d 43 (Ct.App.1989), the Court of Appeals of Wisconsin held that Wisconsin's construction lien law was not preempted by ERISA. The court distinguished the California court's decision in *El Capitan* by

noting that the lien created by the California statute referred specifically to ERISA obligations and created a remedy for the collection of ERISA obligations that did not exist under the federal act. According to the Wisconsin court, ERISA does not preempt states from creating "general creditors' rights that may be utilized to effect collections of obligations by all creditors, including a creditor possessing an ERISA claim that has been reduced to a judgment." 445 N.W.2d at 46.

Chapter 254 does much more than provide funds with a method of collecting contributions already owed them under ERISA. Chapter 254 creates a whole new class of liable parties, property owners. The Administrator does not even allege a contractual or other relationship between the Funds and MIT. Nor does the complaint allege that MIT is an employer, participant, or plan beneficiary within the meaning of ERISA. I conclude that chapter 254 is preempted to the extent that it applies to employee benefit plans.

■ In addition to claiming that ERISA does not preempt chapter 254, the plaintiff has presented two lesser arguments. First, the plaintiff claims that Fed.R.Civ.P. 64 authorizes the use of chapter 254 and, therefore, chapter 254 is saved from preemption by § 514(d) of ERISA, 29 U.S.C. § 1144(d).[3] Rule 64 makes available in federal district courts certain state law remedies that provide "for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action." The remedies listed in Rule 64 include attachment, garnishment, sequestration, and "other corresponding or equivalent remedies." Chapter 254 bears no relation to the remedies described in Rule 64. A lien foreclosure proceeding is not "equivalent" to any of the remedies listed in Rule 64 "because it is not a remedy against the judgment debtor or against a person who is personally indebted to, or in possession of the property of, the judgment debtor." *Bricklayers*

*Fringe Benefit Funds v. North Perry Baptist Church*, 590 F.2d 207, 209 (6th Cir.1979), *cert. denied*, 444 U.S. 834, 100 S.Ct. 66, 62 L.Ed.2d 43 (1979) (affirming the dismissal of a mechanic's lien foreclosure claim by union against property owners for fringe benefit contributions owed by the contractor). As I stated above, chapter 254 actually creates a substantive right for trustees of ERISA plans against owners of real property. Chapter 254 is not the type of statute contemplated by Rule 64, and, therefore, is not saved from preemption by that rule.

■ Finally, the Administrator claims that even if chapter 254 is preempted by ERISA, it is not preempted with respect to the Electrical Workers Educational and Cultural Fund, Local 103 I.B.E.W., because that particular fund is not covered by ERISA. The Educational and Cultural Fund is one of seven funds on behalf of which the Administrator brought this action. The complaint states that all the Funds included in the action were established pursuant to the requirements of 29 U.S.C. § 186. (Complaint, ¶ 2) Under § 3(1) of ERISA, 29 U.S.C. § 1002(1), funds established pursuant to § 186 are included in the term "employee welfare benefit plan" and, therefore, are covered by ERISA. In sum, the plaintiff's state law claim against MIT is preempted by ERISA.

Accordingly, plaintiff's motion to remand is denied. Defendant's motion to dismiss the complaint for failure to state a claim upon which relief may be granted is allowed.

---

**3.** Section 514(d) reads: "Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States ... or any rule or regulation issued under any such law."