PRESTON H. HUFFT, Judge Pro Tem.
Plaintiffs, Laborers National Pension Fund, Louisiana Laborers Health and Welfare Fund, Louisiana Laborers Training Fund, Laborers Union Local No. 689, Wilfred Randall and Jacqueline Francois filed a petition to enforce a laborer’s privilege pursuant to the Louisiana Public Works Act, LSA-R.S. 38:2241 et seq., against Woodrow Wilson Construction Company, Inc. and Travelers Indemnity Company of Hartford. The first three plaintiffs (hereinafter referred to as the “Plaintiff Funds”) are employee benefit funds established and administered pursuant to the Employee Retirement Income Security Act . (“ERISA”), 29 U.S.C. § 1001(c)(5). These plaintiff funds were also established and are administered pursuant to the terms of collective bargaining agreements entered into between Laborers Union Local No. 689 and various employers, including Sterling Doucette Builders, who employ or have employed individuals represented by local unions, including Laborers Union Local No. 689.
Doucette Builders, a subcontractor on the Aquarium of the Americas and Riverfront Park projects, entered into a collective bargaining agreement with Laborers Union Local No. 689 in which Doucette agreed to pay specified wages to laborers on the project who were members of Local 689, to make certain fringe benefit contributions to the plaintiff funds based on the hours worked by laborers on the Aquarium project who are represented by Local 689, and to deduct union dues and savings from laborer’s wages and forward these to the union.
Defendant Woodrow Wilson Construction Company, Inc. is the general contractor of the Aquarium Project. Wilson’s surety, Travelers Indemnity Company of Hartford, issued a performance bond in favor of the Audubon Park Commission, owners of the Aquarium Project, pursuant to the Louisiana Public Works Act.
The instant litigation was instituted when Doucette allegedly failed to submit the fringe benefit contributions owed to the plaintiff funds and to forward to the union dues and savings deducted from the laborers’ wages. Following this alleged inaction by Doucette, the plaintiff funds and the Laborers Local Union No. 689 filed liens in Orleans Parish pursuant to the Louisiana Public Works Act and made amicable demand upon the defendants. Because the defendants did not respond to these demands, this suit followed.
The defendants filed a dilatory exception of improper cumulation of actions and a declinatory exception of lack of subject *389 matter jurisdiction. The defendants argued that this action to enforce a laborer’s privilege taken by the non-individual plaintiffs is preempted by federal law and that the Louisiana state courts lack jurisdiction over such an action. The defendants also argued that the actions of the remaining individual plaintiffs were cumulated with actions over which the trial court lacked jurisdiction.
On October 10, 1989, the trial judge overruled both exceptions filed by defendants holding that the plaintiffs’ action was not preempted by federal law, i.e. ERISA. The trial judge reasoned that the Louisiana Public Works Act does not either directly or indirectly purport to regulate the terms of employee benefit plans covered by ERISA within the meaning of Section 514(c)(2) of ERISA and does not relate to an employee benefit plan within the meaning of Section 514(a) of ERISA. Therefore, the trial judge held that the trial court had subject matter jurisdiction in this case and that cumulation was proper according to LSA-C.C.P. art. 463.
Plaintiffs subsequently filed a motion for summary judgment. The defendants then filed a peremptory exception of no right of action.
On February 26, 1990, the trial judge rendered judgment which was later vacated due to the omission of one of the plaintiffs. The trial judge then rendered an amended judgment on March 7, 1990 in which:
1) the defendants’ exception of no right of action was overruled;
2) the motion for summary judgment filed on behalf of Laborers National Pension Fund, Louisiana Laborers Health and Welfare Fund, Louisiana Laborers Training Fund and Laborers Union Local No. 689 was denied.
3) the judgment of October 10, 1989 was vacated but only insofar as it overruled the defendants’ declinatory exception of lack of subject matter jurisdiction with respect to the claims of Laborers National Pension Fund, Louisiana Laborers Health and Welfare Fund, Louisiana Laborers Training Fund and Laborers Union Local No. 689.
4) the defendants’ declinatory exception of lack of subject matter jurisdiction with respect to the claims of Laborers National Pension Fund, Louisiana Laborers Health and Welfare Fund, Louisiana Laborers Training Fund and Laborers Union Local No. 689 was granted and those plaintiffs’ demand against defendants was dismissed without prejudice.
5) the individual plaintiffs’ motion for summary judgment was granted and judgment was rendered in favor of plaintiff Randall and against defendants jointly, severally and in solido for wages owed of $108.90 and in favor of plaintiff Francois and against defendants jointly, severally and in sol-ido for wages owed of $407.33 with interest on the sums of $108.90 and $407.33 at the legal rate from 5-10-88 until paid plus reasonable attorney’s fees of 10% of said principal and interest as provided by the Louisiana Public Works Act and all costs of the proceedings.
This judgment was later amended on March 16, 1990 to correct the amount owed to plaintiff Francois from $407.33 to $470.33. The non-individual plaintiffs appealed the trial court judgment.
In his reasons for judgment, the trial judge explained that his judgment of October 10, 1989 overruling defendants’ dilatory and declinatory exceptions was vacated in his later judgment because, after October 10, 1989, the Louisiana Second Circuit Court of Appeal rendered its decision in Prestridge v. Shinault, 552 So.2d 643 (La.App. 2nd Cir.1989), writ denied, 559 So.2d 131 (La.1990), which he interpreted to hold that state courts have no subject matter jurisdiction over cases such as the instant matter. Even though the Prestridge case involved the Louisiana Private Works Act and the present case involves the Louisiana Public Works Act, the trial judge found that the Prestridge case was applicable in the instant ease.
In Prestridge, the court held that ERISA preempted the portion of the Louisiana Private Works Act permitting a lien action for *390 an amount owed to health and welfare funds under a collective bargaining agreement. Supra at 648. The court held that ERISA provides that a cause of action for a fiduciary to enforce the terms of a health and welfare trust plan is exclusively federal and that state courts have no authority to exercise judicial power in this preempted field. Prestridge, supra at 648.
On appeal, the appellants argue that the trial judge erred in granting appellees’ dec-linatory exception of lack of subject matter jurisdiction because of his finding that the Louisiana Public Works Act is preempted by ERISA. Appellees argue that the trial judge correctly held that plaintiffs’ action is preempted by ERISA because the Louisiana Public Works Act is a state law which relates to ERISA employee benefit plans and thus may not be employed to circumvent the exclusive ERISA enforcement scheme.
After reviewing the jurisprudence on this issue, we conclude that the trial judge correctly granted the appellees’ declinatory exception of lack of subject matter jurisdiction as it applied to the plaintiff employee benefit funds. In Prestridge, supra, the court relied heavily on the United States Supreme Court case of Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), which held that the civil enforcement provisions of ERISA were intended by Congress to be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits and that varying state causes of action for claims within the scope of ERISA’s civil enforcement provisions would pose an obstacle to the purposes and objectives of Congress. Although the Pilot Life case involved a plaintiff suing on his own behalf, the Prestridge court .found that the preemption clause of ERISA, 29 U.S.C. § 1144, made the reasoning of Pilot Life applicable to that case even though Pres-tridge involved plaintiffs who were fiduciaries suing on employees’ behalf pursuant to 29 U.S.C. § 1132(a)(3).
The instant case is analogous to Pres-tridge in that three of the plaintiffs are employee benefit funds suing on behalf of employees. Therefore, the rationale of Pilot Life is applicable to the instant case. Furthermore, the case of Iron Workers Mid-South Pension Fund v. Terotechnology Corp., 891 F.2d 548 (5th Cir.1990), rehearing denied, 896 F.2d 549 (5th Cir.1990), cert. denied, Iron Workers Mid-South Pension Fund v. Borden Chemical, — U.S. —, 110 S.Ct. 3272, 111 L.Ed.2d 782 (1990), held that the reasoning behind the holding in Pilot Life that ERISA preempted the participant’s state law claims for enforcement of the plan was applicable to that case which involved employee benefit plans suing a contractor who failed to make contributions to the plan as required by collective bargaining agreements. In that case, the court held that the state law under which plaintiffs were suing, i.e. the Louisiana Private Works Act, LSA-R.S. 9:4803, was preempted by ERISA based on its finding that the plaintiffs were attempting to avoid ERISA’s exclusive mechanism for enforcing contributions to the benefit plan by giving effect to a state statute that circumvented the Congressional scheme. The court’s holding is expressed in the following language:
“The Louisiana Private Works Act relates to ERISA plans by its terms, as it provides an alternative method to enforce the collection of contributions owed to plans. It also purports to regulate the terms and conditions of plans by creating an additional party other than an employer who can be held liable for those contributions. Therefore, the Louisiana Private Works Act is preempted by ERISA. The Act does not merely create the right to use a lien to enforce a judgment, nor is its effect on the federal scheme tenuous, remote, or peripheral. Finally, the Act is not ‘saved’ from preemption by the insurance savings clause, for it has nothing to do with insurance.” Iron Workers Mid-South Pension Fund, supra at 556.
The only difference between the factual situations of the instant case and the cases of Prestridge, supra, and Iron Workers Mid-South Pension Fund, supra, is that the instant case deals with the Louisiana *391 Public Works Act and the other two cases dealt with the Louisiana Private Works Act. The trial judge in the instant case addressed this difference in his reasons for judgment as follows:
“I note that the applicable provision of the Private Works Act (R.S. 9:4803A) is different than the applicable provision of the Public Works Act (R.S. 38:2242A) for the former specifically contains language with respect to amounts owed under collective bargaining agreements and the latter does not. I find that the language of the Public Works Act is broad enough to cover collective bargaining agreements for such an agreement is a ‘contract’ within the language of the act and the non-individual plaintiffs are claimants and persons within the meaning of the act for this case involves a claim for money for performing labor.”
We agree with the trial judge that within the context of the facts of Prestridge, Iron Workers Mid-South Pension Fund and the case before us, there is no distinction between the Louisiana Private Works Act and the Louisiana Public Works Act. Each act provides an alternative method to enforce the collection of contributions owed to plans, purports to regulate the terms and conditions of plans by creating an additional party other than an employer who can be held liable for those contributions and is preempted by ERISA.
We find that the holdings in Prestridge, supra, and Iron Workers Mid-South Pension Fund, supra, are applicable to the instant case and that Louisiana state courts lack subject matter jurisdiction over the claims brought by the plaintiff employee benefit funds because ERISA preempts the Louisiana Public Works Act.
However, we find that the trial judge erred in granting the appellees’ exception of lack of subject matter jurisdiction as it applied to the claim brought by Laborers Union Local No. 689. Specifically, we disagree with the trial judge’s reasoning that the Prestridge case mandates that the state courts have no subject matter jurisdiction over the claim brought by Laborers Union Local No. 689 because ERISA preempts state law in this matter.
The Prestridge case did not involve a claim such as the one brought in the instant case by Laborers Union Local No. 689 for union dues and savings which were deducted from employees’ wages but allegedly not forwarded to the union for the employees’ benefit as provided for in the collective bargaining agreement. Rather, the Prestridge case dealt only with the preemption of claims made by employee benefit funds and not with claims made by local labor unions for the collection of union dues.
In Fort Halifax Packing Co., Inc. v. Coyne, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987), the United States Supreme Court specified that ERISA preempts state laws relating to “employee benefit plans” only and does not preempt state laws relating to “employee benefits”. The preemption provision of ERISA, 29 U.S.C. § 1144(a), states as follows:
“Except as provided in subsection (b) of this section, the provisions of this sub-chapter and subehapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.” (Emphasis added)
Employee welfare benefit plans are defined under 29 U.S.C. § 1002(1) and (2)(A) as follows:
“(1) The terms ‘employee welfare benefit plan’ and ‘welfare plan’ mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, *392 scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).
(2)(A) Except as provided in subpara-graph (B), the terms ‘employee pension benefit plan’ and ‘pension plan’ mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program—
(i) provides retirement income to employees, or
(ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond,
regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.”
Because a labor union is clearly not an employee welfare benefit plan as defined under ERISA, appellees’ preemption argument is inapplicable to the labor union’s claim in this case. The provisions of ERISA regulate the establishment and administration of employee benefit plans and do not encompass a labor union’s claim for dues and savings deducted from employees’ wages by employers to be forwarded to the union as stipulated in a collective bargaining agreement.
Therefore, the portion of the trial court judgment granting the appellees’ declinato-ry exception of lack of subject matter jurisdiction with respect to the claim of Laborers Union Local No. 689 and dismissing that plaintiff’s claim is hereby reversed and that claim is remanded to the trial court for further proceedings. In all other respects, the trial court judgment is affirmed.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.