FRANCES LINDSEY, Plaintiff, *v.* FRANK WINKLER et al., Defendants.

District Court of the County of Nassau, Second District, January 27, 1967.

*Nathaniel M. Swergold* for plaintiff. *Irving M. Rosenberg* for defendants.

JULIUS R. LIPPMAN, J.   In this action a motion is brought by the plaintiff for summary judgment against the defendant Frank Winkler, one of the 10 largest stockholders of Winkler Enterprises, Inc., and against the corporation. The action was brought under section 630 of the Business Corporation Law which provides that the 10 largest stockholders in a corporation, the shares of which are not listed on a national securities exchange or regularly quoted in an over-the-counter market, shall be jointly and severally liable for all debts, wages or salaries due and owing to any of their laborers, servants or employees, other than contractors, for services performed by them for such corporation.

The defendants bring a cross motion against the plaintiff for an order dismissing the plaintiff's motion for summary judgment and for an order dismissing the plaintiff's original complaint against the individual defendant.

The plaintiff's motion for summary judgment against the individual defendant, besides being based upon section 630 of the Business Corporation Law, is further based upon the fact that in a prior action the plaintiff sued the corporate defendant, only, alleging in that case three causes of action.   After trial of that case, judgment was rendered in favor of the plaintiff against the corporate defendant on her first cause of action in which she alleged a breach of employment contract by the defendant in terminating her employment prior to the terminal date of her yearly contract of employment.   The judgment in the previous action was for damages sustained by the plaintiff as a result of the said breach of contract of employment and was not for payment to her of any sums she had theretofore earned and which had not been paid by the corporate defendant.

Nowhere in the plaintiff's complaint in the former action or in the current action against the individual defendant and the corporation is there any allegation that the plaintiff had not been paid for work, labor or services performed by her.   On the contrary, the affirmation of the attorney for the defendants in paragraph three thereof is the statement that the plaintiff was paid in full for all services rendered to the corporation. This statement is not rebutted in any of the plaintiff's papers.

Section 630 of the Business Corporation Law was enacted as a safeguard to laborers, servants or employees of corporations which, upon insolvency of the corporation, would leave such working people without recourse and without payment for their work, labor and services.   It was not enacted to make the 10 largest shareholders in a corporation specifically responsible for.

or guarantors of all indebtednesses of the corporation or of all judgments obtained against it. Consequently, the statute should be strictly construed in keeping with the intention of the Legislature. (*Kabaker* v. *Gelb,* 52 N. Y. S. 2d 678; *Harris* v. *Lederfine,* 196 Misc. 410.)

The court finds there is present here a question purely of law and not of fact, and that a final determination can be made upon the papers before the court.

The plaintiff's motion for summary judgment against the individual defendant is denied, and the defendants' motion for a dismissal of the plaintiff's complaint against the individual defendant is granted. (CPLR 3211, subd. [a], par. 7.)