George L. Greexsteih, J.
After trial, the court finds for the defendant and dismisses the complaint.
In this action plaintiff sues a stockholder to recover certain moneys not paid him by a bankrupt corporate party to an employment contract. Plaintiff claims defendant, a stockholder in the defunct corporation, is liable under section 630 of the Business Corporation Law.
The single important question that emerged from the testimony of the parties is whether plaintiff was an “ employee ” within the meaning of section 630 of the Business Corporation Law. That section imposes liability on the 10 largest shareholders for “ debts, wages or salaries ” due any of its “ laborers, servants or employees ”.
There can be no doubt, nor is it claimed, that plaintiff is a laborer or a servant within the meaning of the statute. But is he an “employee”?
In checking the authorities the court finds a very fuzzy line of distinction used in arriving at the conclusion as to whether a paid employee fits the'statutory description. For example in Farnum v. Harrison (167 App. Div. 704, affd. 218 N. Y. 672) the court found that a $50 per week bookkeeper was an employee even if he worked on an annual salary basis.
In Bristor v. Smith (158 N. Y. 157) however, the Court of Appeals said that an attorney regularly employed at a fixed salary was not an employee under section 54 of the Stock Corporation Law, the predecessor of the present section.
It is significant that in Farnum (supra, p. 708) the court used the following language: ‘ ‘ The statute which we are now considering is a penal statute, and, of course, must be strictly construed ”.
Again in Bristor (supra, pp. 158, 159) the court also agreed saying “ The statutory provision, being penal in nature, should receive a strict construction by the courts and if there is any reasonable dopbt as to its application * * * the defendant is entitled to its benefit ”.
Most recently in the case of Lindsey v. Winkler (52 Misc 2d 1037, 1038-1039) one of my colleagues in this court had the same question before him and this court must subscribe to his reasoning which was as follows: “Section 630 of the Business Corporation Law was enacted as a safeguard to laborers, servants or employees of corporations which, upon insolvency of the corporation, would leave such working people without recourse and without payment for their work, labor and services. It was not enacted to make the 10 largest shareholders *655 in a corporation specifically responsible for, or guarantors of áll indebtednesses of the corporation or of all judgments obtained against it. Consequently, the statute should be strictly construed in keeping with the intention of the Legislature. (Kabaker v. Gelb, 52 N. Y. S. 2d 678; Harris v. Lederfine, 196 Misc. 410.)” (See, also, 11 N. Y. Jur., Corporations, § 465, pp.' 674-676.)
In the case before this court, we do not have the ordinary relationship of . an employer and employee. The plaintiff here was not in the position of an ordinary salesman, nor was the contract a normal employment contract. In fact the contract upon which the plaintiff bases his claim was an integral part of a buyout agreement under which the plaintiff sold his shares . to his corporation and received back a considerable amount of cash plus this contract which was for a 10-year period with, no provision for cancellation by the corporation, and under which the plaintiff was to receive a guaranteed salary of $1,000 per month, .without regard to how much or how little business he produced.
It appears to this court that the purpose of this contract seemed to be a way of providing delayed payments to the plaintiff.
The court can only conclude from the surrounding facts that this' plaintiff was not an employee “ within the meaning of section -630 of the Business Corporation Law
Accordingly, judgment must be for defendant.
In view of the court’s finding it does not have to reach a conclusion on whether or not the plaintiff waived any rights by his appearance and action in the Federal Bankruptcy Court.