OPINION OF THE COURT
Simons, J.
The question presented is whether Business Corporation Law § 630, which provides an enforcement mechanism for employees *30 to recover unpaid contributions to employee pension funds and welfare benefits directly from the 10 largest shareholders of a closely held corporation, is preempted by section 514 (a) of the Employee Retirement Income Security Act (ERISA) of 1974 (29 USC § 1144 [a]) because it impermissibly regulates the terms and conditions of employee benefit plans. We conclude that it is not.
Plaintiffs are trustees of a welfare and pension trust fund established by Local Union 282. They commenced this action against defendants, shareholders of the Vacar Construction Company, to recover payments which the corporation failed to contribute to the trust fund created to provide welfare and retirement benefits for plaintiffs’ members and other covered employees. The unpaid contributions were required by the collective bargaining and trust agreements entered into between Local 282 and Vacar for services performed by Local 282 employees between May 1978 and February 9,1979. This action was commenced after plaintiffs’ attempt to collect the unpaid contributions from Vacar was thwarted when the corporation filed a petition for arrangement under chapter XI of the Bankruptcy Act (11 USC § 1101 etseq.).
Plaintiffs’ complaint alleged two causes of action, the first against the present defendants seeking to recover unpaid contributions under the provisions of Business Corporation Law § 630, and the second against Vacar’s officers seeking to recover under Labor Law § 198-c.
Following service of an answer, plaintiffs moved for summary judgment in their favor, dismissal of the affirmative defenses asserted in defendants’ answers, and a default judgment against defendant Anthony Vachris who had not appeared. Defendant Charles Vachris submitted a cross motion seeking summary judgment dismissing the complaint. Defendant Helen Vachris joined in his motion opposing plaintiffs’ application, claiming that plaintiffs’ claim was preempted by ERISA, that plaintiffs had failed to give timely written notice pursuant to Business Corporation Law § 630 and she also asserted that she had not been served with notice. Special Term found the second cause of action predicated on the Labor Law not preempted by ERISA and granted plaintiff summary judgment on it. It dismissed that cause of action against Helen Vachris, however, because she was not an officer of the corporation. It dismissed the first cause of action against the shareholder defendants founded on the Business Corporation Law finding that it was preempted by ERISA (116 Mise 2d 797, 800-802). The Appellate Division modified by dismissing plaintiff’s second cause of action as well, holding that no private civil cause of ac *31 tian is to be implied from Labor Law § 198-c (106 AD2d 132, 141, citing Stoganovic v Dinolfo, 61 NY2d 812, affd for reasons stated at 92 AD2d 729). Plaintiffs do not challenge the Appellate Division’s interpretation of the Labor Law on this appeal.
Business Corporation Law § 630 imposes personal liability upon the 10 largest shareholders of closely held New York corporations for the payment of wages and salaries due and owing to its employees. The statute expressly defines wages and salaries to include employer contributions for welfare benefits and to pension funds (see, Business Corporation Law § 630 [a], [b]).[1] It was designed to remedy precisely the default which is alleged in this litigation and to provide a safeguard for employees who would otherwise be left without recourse in the event of the corporation’s insolvency (see, Lindsey v Winkler, 52 Misc 2d 1037, 1038; Kane v Benson, 86 FRD 460, 462; 3 White, New York Corporations ¶ 630.01, at 6-736.1). That purpose is achieved by creating a civil cause of action in favor of employees providing them with an additional remedy or enforcement mechanism, not otherwise available, by which they may recover delinquent contributions determined to be "due and owing” by the corporate employer.
ERISA was enacted in 1974 to promote the interests of participants in employee welfare and pension plans by subjecting the plans to Federal regulation (Shaw v Delta Air Lines, 463 US 85, 90; 29 USC § 1001). It imposes substantive requirements relating to participation, funding and vesting of pension plans and it also establishes procedural standards for reporting, disclosure and fiduciary responsibilities for both welfare benefits and pension plans (Metropolitan Life Ins. Co. v Massachusetts, 471 US —, —, 85 L ed 2d 728, 735; see, Shaw v Delta Air Lines, supra, at p 91; 29 USC §§ 1021-1114). Although the statute specifies that it provides only minimum standards (see, 29 USC § 1001 [a]), it contains a preemption clause that is so broad on its face that it has been described as "virtually unique” (Franchise Tax Bd. v Laborers Vacation Trust, 463 US 1, 24, n 26). Section 514 (a) of ERISA (29 USC *32 § 1144 [a]) provides, with exceptions not relevant here, that it "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan” covered by ERISA. Because it is undisputed that the employee benefit plan involved in this case is covered by ERISA (see, 29 USC § 1003 [a]), the issue presented is whether Business Corporation Law § 630 impermissibly “relates to” the plan — within the meaning of section 514 (a).
The United States Supreme Court has held that the phrase "relates to” found in section 514 (a) of ERISA must be interpreted broadly as its plain language indicates, and that “[a] law 'relates to’ an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan” (Shaw v Delta Air Lines, 463 US 85, 96-97, supra).[2] Both the Supreme Court and several Circuit Courts of Appeals have recognized, however, that “there are necessary limits to the reach of the phrase 'relates to’ ” (Savings & Profit Sharing Fund v Gago, 717 F2d 1038, 1040) and that ERISA’s preemption clause is “neither all-encompassing * * * nor unlimited” (Rebaldo v Cuomo, 749 F2d 133, 138 [2d Cir]). Thus, only State laws which purport "to regulate, directly or indirectly, the terms and conditions of employee benefit plans” (29 USC § 1144 [c] [2]) “relate to” employee benefit plans and are thus preempted (see, Rebaldo v Cuomo, supra, at p 137; Lane v Goren, 743 F2d 1337, 1339; Stone & Webster Eng. Corp. v Ilsley, 690 F2d 323, 329, affd sub nom. Arcudi v Stone & Webster Eng. Corp., 463 US 1220). State laws that affect employee benefit plans in a “tenuous, remote, or peripheral” manner are not preempted (Shaw v Delta Air Lines, 463 US 85, 100, n 21, supra; see, American Tel. & Tel. Co. v Merry, 592 F2d 118, 121).
Plaintiffs assert that when these principles are applied, it is manifest that Business Corporation Law § 630 is not preempted because it is remedial only and does not regulate the terms and conditions of the welfare and pension plan. Defendants contend, on the other hand, that the Supreme Court’s expansive interpretation of ERISA’s preemption clause in Shaw means that ERISA occupies the entire field of employee benefit plans and that Business Corporation Law § 630 falls within its preemptive sweep because it explicitly provides for recovery of employer contributions for welfare benefits or to pension funds. Alternatively, they main *33 tain that section 630 does regulate the terms and conditions of the employee benefit plan and, therefore, is preempted by expanding liability beyond what ERISA requires.
Analysis begins with the presumption that the State law has not been preempted by Federal statute in the absence of persuasive evidence to the contrary (see, Metropolitan Life Ins. Co. v Massachusetts, 471 US —, —, 85 L ed 2d 728, 741, supra; Alessi v Raybestos-Manhattan, Inc., 451 US 504, 522) and with the knowledge that our task in deciding this preemption question is to ascertain and give effect to the congressional intent embodied in the Federal statute at issue Metropolitan Life Ins. Co. v Massachusetts, supra, at p 739). So viewed, we have no difficulty in concluding that Business Corporation Law § 630 is not preempted by ER-ISA.
As noted, section 630 is remedial in nature; it provides an additional enforcement mechanism by which plaintiffs can recover delinquent contributions already due and owing to them pursuant to the corporation’s obligations under the collective bargaining and trust agreements. It does not "regulate, directly or indirectly, the terms and conditions” of plaintiffs’ welfare and pension plan (29 USC § 1144 [c] [2]) and, therefore, does not "relate to” the employee benefit plan within the meaning of section 514 (a) of ERISA (see, Rebaldo v Cuomo, 749 F2d 133, 137, supra; Stone & Webster Eng. Corp. v Ilsley, 690 F2d 323, 329, affd sub nom. Arcudi v Stone & Webster Eng. Corp., 463 US 1220, supra). The statute, unlike the laws the Supreme Court has found "relate to” employee benefit plans, does not require or prohibit the provision of specific benefits or practices relative to the calculation of benefits (see, Metropolitan Life Ins. Co. v Massachusetts, 471 US—, 85 L ed 2d 728, supra [State law requiring all general health insurance policies that provide hospital and surgical coverage to provide minimum mental health protection]; Stone & Webster Eng. Corp. v Ilsley, 690 F2d 323, affd sub nom. Arcudi v Stone & Webster Eng. Corp., 463 US 1220, supra [Connecticut law requiring employer to provide health and life insurance for former employee now receiving workers’ compensation]; Shaw v Delta Air Lines, 463 US 85, supra [New York Human Rights Law provision forbidding discrimination in employee benefit plans on basis of pregnancy and Disability Benefits Law requirement that employer pay sick leave to pregnant workers]; Alessi v Raybestos-Manhattan, Inc., 451 US 504, supra [State law forbidding reduction of pension benefits by workers’ compensation award]; see also, Retail Shoe Health Commn. v Reminick, 62 NY2d 173 [breach of fiduciary duties by individual benefit plan trustees]). To the contrary, sec *34 tian 630 "relates to” the scope of shareholder immunity, excluding the 10 largest shareholders of a closed corporation from such immunity, not only as to employee benefit plans but also for all debts, wages or salaries due employees for services performed for the corporation. Like the Pennsylvania Wage Payment and Collection Law considered in Carpenters Health & Welfare Fund v Kenneth R. Ambrose, Inc. (727 F2d 279) and the garnishment statute invoked against the pension plan interest of an employee by a former wife seeking payment of past due support in American Tel. & Tel. Co. v Merry (592 F2d 118, supra), the only effect of section 630 on employee benefit plans is to give plaintiffs a cause of action to recover payments the corporation was already obligated to provide. If the statute has any palpable effect on the plan, it is the type of tenuous, remote or peripheral effect that ERISA was not meant to preempt (see, Shaw v Delta Air Lines, supra, at p 100, n 21; Rebaldo v Cuomo, 749 F2d 133, 138-139, supra [Public Health Law provision setting rates that hospitals must charge private payors including employee benefit plans]).
To the extent that Business Corporation Law § 630 imposes liability on shareholders for the corporation’s delinquent payments that would otherwise not exist, and assuming defendants are correct that it constitutes a substantive requirement, this does not alter our conclusion that it is not a "term or condition” of the plan. In finding a Massachusetts law requiring insurance policies to provide minimum mental health benefits not preempted under ERISA’s insurance exception (see, 29 USC § 1144 [b] [2] [A]), the Supreme Court in Metropolitan Life Ins. Co. v Massachusetts (471 US—, 85 L ed 2d 728, supra) noted that "laws that regulate only the insurer, or the way in which it may sell insurance, do not 'relate to’ benefit plans in the first instance * * * [and] they would not be preempted by § 514 (a)” (id., at p 741). The court distinguished between laws regulating the insurer or the transaction of selling insurance from content-based laws such as the mandated-benefit law at issue there (see, id., at p 733, n 2). Similarly, that portion of section 630 that imposes joint and several liability on defendants is a law regulating the employer only, rather than a content-based law, regulating the plan, and as such is not preempted by ERISA.
Defendants point to the remedies contained in ERISA, and particularly the 1980 amendments which added specific provisions dealing with delinquent contributions, as support for their contention that ERISA preempts Business Corporation Law § 630. To the contrary, we find these provisions support our conclusion that section 630 is not preempted. As originally enacted, ERISA *35 contained no provision dealing with delinquent employer contributions and would have allowed plaintiffs only equitable relief to enforce the statute or the terms of the employee benefit plan (see, 29 USC § 1132 [a] [3]). The courts have construed this to mean that other remedies were not preempted and that "[u]nder ERISA [as originally enacted] delinquent contributions were enforced by an action founded either on state law, the collective bargaining agreement between the parties or the trust agreement” (Central States, Southeast & Southwest Areas Pension Fund v Alco Express Co., 522 F Supp 919, 922 [ED Mich] [emphasis added]; see, Central States, Southeast & Southwest Areas Pension Fund v Kraftco, Inc., 589 F Supp 1061, 1072 [MD Tenn]; Lewart v Woodhull Care Center Assoc., 549 F Supp 879, 885 [SDNY]).
Nor do the 1980 amendments to ERISA indicate an intent on the part of Congress to preempt existing State remedies such as section 630. They merely added a statutory obligation upon employers to make contributions to multiemployer plans as required by the terms of the employee benefit plan or the collective bargaining agreement (Pub L 96-364 § 306 [a], 94 US Stat 1295, codified at 29 USC § 1145) and provided a civil cause of action in favor of fiduciaries to enforce this obligation (Pub L 96-364 § 306 [b], 94 US Stat 1295, codified at 29 USC § 1132 [g] [2]).[3] Contrary to *36 the position taken by defendants, the relevant legislative history of these amendments evince a specific congressional intent that ERISA’s civil remedies merely supplement, rather than supersede, existing State remedies such as Business Corporation Law § 630, at least insofar as they provide for the collection of delinquent employer contributions to employee benefit plans (see, HR Rep No. 96-869 [II], 96th Cong, 2d Sess, at 48-49, reprinted, in 1980 US Code Cong & Ad News 2918, 3037-3038; Joint Explanation of S 1076: Multiemployer Pension Plan Amendments Act of 1980, 126 Cong Rec 20189, 20202 [1980]; see also, Carpenters Health & Welfare Fund v Kenneth R. Ambrose, Inc., 727 F2d 279, 282 [3d Cir], supra [imposing liability on corporate officers for delinquent contributions to employee benefit plan under Pennsylvania law not preempted by ERISA]).[4]
*37 Defendant Helen Vachris contended in the courts below that she did not receive the statutory notice to shareholders required by section 630 and defendant Charles Vachris contended the notice to him was untimely. Because the affidavits submitted by the parties present disputed questions of law and fact not decided by the courts below and not addressed by the parties in this court, the matter should be remitted so that those issues may be resolved.
Accordingly, the order of the Appellate Division should be reversed, plaintiffs’ first cause of action seeking relief under the Business Corporation Law reinstated, and the matter remitted to Supreme Court, Nassau County, for further proceedings in accordance with this opinion.
Chief Judge Wachtler and Judges Jasen, Meyer, Kaye and Alexander concur; Judge Titone taking no part.
Order reversed, with costs, plaintiffs’ first cause of action seeking relief under the Business Corporation Law reinstated, and case remitted to Supreme Court, Nassau County, for further proceedings in accordance with the opinion herein.

. In pertinent part, section 630 (a) provides: "The ten largest shareholders, as determined by the fair value of their beneficial interest as of the beginning of the period during which the unpaid services referred to in this section are performed, of every corporation (other than an investment company registered as such under an act of congress entitled 'Investment Company Act of 1940’), no shares of which are listed on a national securities exchange or regularly quoted in an over-the-counter market by one or more members of a national or an affiliated securities association, shall jointly and severally be personally liable for all debts, wages or salaries due and owing to any of its laborers, servants or employees other than contractors, for services performed by them for such corporation” (n omitted).

. In fact the Supreme Court has stated that ERISA’s preemption clause is broad enough to reach State laws not specifically designed to affect employee benefit plans, those dealing with subj ect matters not covered by ERISA and even State laws consistent with the Federal statute’s requirements (see, Shaw v Delta AirLines, 463 US 85, 98-100; see also, Metropolitan Life Ins. Co. v Massachusetts, 471 US —, —, 85 L ed 2d 728, 740).

. In pertinent part, these sections provide as follows:
"§ 1145. Delinquent contributions
"Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.”
"§ 1132. Civil Enforcement
* ** *
"(g) Attorney’s fees and costs; awards in actions involving delinquent contributions.
* * *
"(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USC § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan—
"(A) the unpaid contributions,
"(B) interest on the unpaid contributions,
"(C) an amount equal to the greater of—
"(i) interest on the unpaid contributions, or
"(ii) liquidated damages provided for under the plan in an amount not in ex *36 cess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
"(D) reasonable attorney’s fees and costs of the action, to be paid by the defendant, and
"(E) such other legal or equitable relief as the court deems appropriate” (emphasis added).

. The Senate Labor and Finance Committees’ joint explanation of S 1076, which contained the provisions that later became 29 USC §§ 1145 and 1132 (g) (2), contained the following statement:
"Under the bill, in the case of a civil action by any person to collect delinquent multiemployer plan contributions, regardless of otherwise applicable law, in which a judgment in favor of the plan is awarded, the court before which the action is brought must award the plan (1) the unpaid contributions; (2) interest on the unpaid contributions, (3) an amount equal to the greater of interest on the unpaid contributions or liquidated damages provided for under the plan not to exceed 20 percent of the amount of delinquent contributions as determined by the court. The bill preempts any State or other law which would prevent the award of reasonable attorneys fees, court costs or liquidated damages or which would limit liquidated damages to an amount below the 20 percent level.
"However, the bill does not preclude the award of liquidated damages in excess of the 20 percent level where an award of such a higher level of liquidated damages is permitted under applicable State or other law. This does not change any other type of remedy permitted under State or Federal law with respect to delinquent multiemployerplan contributions ” (126 Cong Rec, at 20202).
The Report of the House Ways and Means Committee to accompany HR 3904, the companion House bill, contained a virtually identical statement (see, HR Rep No. 96-869 [II], 96th Cong, 2d Sess, at 48-49, reprinted in 1980 US Code Cong & Ad News 2918, 3037-3038). Thus, it is clear that both Houses of Congress viewed the enforcement amendments of 1980 as setting forth a floor of Federal remedy in the case of delinquent contributions below which the States could not go but which did not preempt or supersede State remedies that granted greater protection than that contained in ERISA. Notably, this language in the legislative history also conflicts with the view that section 514 (a) of ERISA preempts State remedies and provides additional support for our view that ERISA was never meant to preempt State enforcement statutes such as Business Corporation Law § 630.