No. 86–459. COOPER INDUSTRIES, INC. *v.* I. A. M. NATIONAL PENSION FUND BENEFIT PLAN A ET AL. C. A. D. C. Cir. Certiorari denied. JUSTICE WHITE took no part in the consideration or decision of this petition.

No. 86–460. MCMAHON ET AL. *v.* MCDOWELL ET AL. C. A. 3d Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

In this case the Court of Appeals for the Third Circuit held that certain provisions of the Pennsylvania Wage Payment and Collection Law (WPCL), Pa. Stat. Ann., Title 43, § 260.1 *et seq.* (Purdon 1964 and Supp. 1986), were pre-empted by § 514(a) of the Employee Retirement Income Security Act of 1974 (ERISA), 88 Stat. 897, 29 U. S. C. § 1144(a). 794 F. 2d 100 (1986). The WPCL authorizes an employee to sue his or her employer for wages, fringe benefits, and pension plan contributions. The Court of Appeals reasoned that these provisions could not withstand the pre-emptive sweep of § 514(a), inasmuch as ERISA establishes a comprehensive mechanism for the recovery of delinquent pension plan contributions, and the petitioner-employees in this case were attempting to avoid this mechanism and "substitute instead a state regulation that circumvents the scheme carefully devised by Congress." 794 F. 2d, at 107. This holding conflicts with the decision in *Sasso* v. *Vachris*, 66 N. Y. 2d 28, 484 N. E. 2d 1359 (1985). In that case, the Court of Appeals of the State of New York held that § 514(a) did not pre-empt N. Y. Bus. Corp. Law § 630 (McKinney 1986), which imposes personal liability upon the 10 largest shareholders of a closely held New York corporation for the payment of pension fund contributions owed its employees. Observing that ERISA also contained remedial provisions for the collection of delinquent contributions, the *Sasso* court stated that these remedies "merely supplement, rather than supersede, existing State remedies . . . ." 66 N. Y. 2d, at 36, 484 N. E. 2d, at 1364. I would grant the petition for certiorari to resolve this conflict.