OPINION OF THE COURT
Memorandum.
Judgment and underlying order unanimously reversed with $10 costs to abide the event, motion for summary judgment denied and matter remanded to the court below for all further proceedings.
Plaintiffs are the trustees of Local 1109 of the Communication Workers of America’s welfare and pension funds that serviced the employees of Edison Business Communications Services Inc. The trustees commenced an action in Federal court against the employer and recovered a default judgment. The trustees then commenced this action against defendant, 1 of the 10 largest stockholders in this closely held corporation under section 630 of the Business Corporation Law. The complete decision of the court below is found at 153 Mise 2d 176. The court concluded that section 630 did not provide for a renewed determination on the merits, but merely an "enforcement mechanism to protect the employees of closely held corporations” (at 180). Summary judgment was therefore awarded to the plaintiffs in their claim against the defendant, *3 since the issue of amount had been already adjudicated against the corporation in the Federal litigation.
The Court of Appeals has recently stated that "The purpose of Business Corporation Law § 630, we concluded, was remedial in nature, providing an additional enforcement mechanism by which employees could recover delinquent contributions, and did not 'relate to’ the terms and conditions of employee benefit plans, but to the scope of shareholder immunity” (Planned Consumer Mktg. v Coats & Clark, 71 NY2d 442, 451; Sasso v Vachris, 66 NY2d 28, 31, 33). While the fact pattern in Sasso is similar to the one at bar (since the plaintiffs in each case brought motions for summary judgment against the shareholder), the Court of Appeals made no mention of the correctness or scope of that type of relief when it remanded the case to the court below for all further proceedings.
Prior cases from the Court of Appeals which construed statutes similar to the one at bar, reached the conclusion that the judgment against the corporation was not binding in a suit against the individual shareholder and that the shareholder was permitted to litigate the substantive issues in the action against him. In Assets Realization Co. v Howard (211 NY 430), one of the statutes in question was the predecessor to section 630 of the Business Corporation Law where the creditors sought to sue the defendants in their capacity as shareholders of a debtor bank. In speaking of the rights of the shareholders, the Court stated that (supra, at 442) "What he desires and as it seems to me plainly ought to have, is an opportunity to compel proof of the existence of a claim before he is compelled to pay it.” The Court went on to state that (supra, at 444-445):
"It is somewhat argued that the force of the foregoing authorities is destroyed by an amendment adopted in 1890 to section 55 of the Stock Corporation Law, now section 59 of the Stock Corporation Law as found in the Consolidated Laws. Previous to this amendment it was provided that no action should be brought against a stockholder for any debt of the corporation until judgment therefor had been rendered against the corporation and an execution issued thereon had been returned unsatisfied in whole or in part. The amendment then provided, 'and the amount due on such execution shall be the amount recoverable, with coste against the stockholder.’
*4 "It is asserted that this amendment is equivalent to saying that the judgment and execution shall be all the evidence that is necessary to fix the amount recoverable from the stockholder. That interpretation does not appeal to us. The section now containing said amendment is entitled 'Limitation of Stockholder’s Liability.’ It contains the requirement as limiting the stockholder’s liability that a judgment must be recovered and execution issued before liability attaches. Under these circumstances, I think that the meaning of the amendment was that the amount due on the execution thus required to be issued should be a limitation of liability and not proof of an indebtedness for which the stockholder is liable” (emphasis added). (To the same effect, see, Miller v White, 50 NY 137; McMahon v Macy, 51 NY 155.)
It appears to this court that the language of section 630 of the Business Corporation Law is quite similar to the language of the former sections that have been construed by the Court of Appeals. The mere fact that the Court of Appeals speaks of section 630 as an "enforcement mechanism,” does not, without more, support the conclusion that plaintiffs do not have to prove their case against the shareholder herein. A similar problem in construction was presented to the Supreme Court, and the Court of Appeals, when the case came before it, approved of the approach taken by the Supreme Court and stated (Bourjois Sales Corp. v Dorfman, 273 NY 167, 170): "The complaint in this action has been dismissed upon the authority of our decision in Doubleday, Doran & Co. v. Macy & Co. (269 N. Y. 272), decided January 7, 1936. Mr. Justice Steinbrink at Special Term felt obliged to follow this case, although late, in the October term of the same year, the United States Supreme Court took a different view of the law in Old Dearborn Distributing Co. v. Seagram-Distillers Corp. The justice was quite right as it is our duty to determine what we shall do with our former decision in the light of the more recent case.” In the same vein, in Thomas v Hendrickson Bros. (30 AD2d 730, 730-731) the issue before the Court was whether strict liability was to be applied to a blasting case. The Third Department felt bound by the case of Booth v Rome, Watertown & Ogdensburg Term. R. R. Co. (140 NY 267) and stated that: "If Booth is to be overruled, 'the announcement thereof should come from the authoritative source and not in the form of interpretation or prediction by an intermediate appellate court’ (MacGilfrey v. Hotaling, 26 A D 2d 977, 978).”
As applied to the case at bar, the rule of construction just *5 cited would result in our holding that section 630 does not permit a trustee to recover against a shareholder without proof of the debt. While there is an "enforcement mechanism” in place to permit the suit against the shareholder, there should still be a requirement that permits the shareholder to have his or her day in court and litigate the issues involved.
Aronin, J. P., Joy and Scholnick, JJ., concur.