**Edgar ROMNEY, Manager–Secretary, Blouse, Skirt, Sportswear, Children's Wear & Allied Workers Union, Local 23–25, ILGWU, Plaintiffs,**

v.

**Alan LIN, Defendant.**

**No. 94 Civ. 2842 (TPG).**

United States District Court, S.D. New York.

Aug. 23, 1995.

**164**

Eric B. Chaikin, Alan M. Elis, Chaiken & Chaikin, New York City, for plaintiff Edgar Romney.

Christopher J. Sullivan, Carol M. Goodman, Herrick, Feinstein, New York City, for defendant.

### *OPINION*

GRIESA, Chief Judge.

This is an action to collect unpaid contributions owed by Goodee Fashions, Inc. to four union benefit funds. The amount owed is $70,647.17. A judgment against Goodee was obtained in this amount. However, it appears that the amount cannot be collected from Goodee.

Suit is now brought under New York Bus. Corp. Law § 630, which provides that the ten largest shareholders of a corporation will be liable jointly and severally for all debts owing to employees, including amounts owed to benefit funds. Defendant Alan Lin was a principal shareholder of Goodee Fashions.

The action was originally brought in Supreme Court, New York County. Defendant has removed the case to the federal court on the ground that the claim is preempted by two federal statutes, ERISA and LMRA.

Plaintiff moves to remand. Defendant moves to dismiss. Plaintiff's motion is denied and defendant's motion is granted.

## FACTS

The facts are not in dispute. On July 1, 1990 Goodee Fashions and the Union entered into a collective-bargaining agreement which, among other things, required Goodee Fashions to make contributions to four employee benefit funds: (1) the ILGWU National Retirement Fund, (2) the ILGWU Health Services Plan, (3) the ILGWU Health & Welfare Fund and (4) the Sportswear Industry Trust Fund. It is agreed between the parties that the first three of these are ERISA funds. Plaintiff alleges that the Sportswear Industry Trust Fund is not an ERISA fund. Plaintiff appears to be correct on the latter point, so that no federal defense would exist as to the amount owed to the Sportswear Industry Trust Fund. This amount is $598.27.

Between January 1, 1992 and June 30, 1992, Goodee Fashions failed to make its required contributions to the funds. Pursuant to the collective-bargaining agreement, the Union sought arbitration of the benefit contribution dispute. On October 9, 1992 the Union won a default arbitration award. The award was confirmed by a judgment in Supreme Court, New York County on April 22, 1993 for the sum of $70,647.17. Execution against Goodee Fashions, however, was returned unsatisfied.

## DISCUSSION

*ERISA Preemption*

■ ERISA contains a provision entitled "Supersedure." This provision states that, with exceptions not here relevant, ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). The question,

under the statute, is therefore whether the state law *relates to* an employee benefit plan.

The statute here in question, N.Y.Bus. Corp.Law § 630, provides in relevant part as follows:

(a) The ten largest shareholders ... of every corporation ..., no shares of which are listed on a national securities exchange or regularly quoted in an over-the-counter market by one or more members of a national or an affiliated securities association, shall jointly and severally be personally liable for all debts, wages or salaries due and owing to any of its laborers, servants or employees....

(b) For the purposes of this section, wages or salaries shall mean all compensation and benefits payable by an employer to or for the account of the employee for personal services rendered by such employee. These shall specifically include but not be limited to salaries, overtime, vacation, holiday and severance pay; employer contributions to or payments of insurance or welfare benefits; employer contributions to pension or annuity funds....

Plaintiff relies on *Sasso v. Vachris*, 66 N.Y.2d 28, 494 N.Y.S.2d 856, 484 N.E.2d 1359 (1985), in which the New York Court of Appeals held that § 630 is not preempted by ERISA. The Court in *Sasso*, however, based its decision on *Rebaldo v. Cuomo*, 749 F.2d 133, 137 (2d Cir.1984), which held that only state laws which "purport to regulate" the terms and conditions of an ERISA plan are preempted by ERISA. *Sasso* held that § 630 does not attempt to regulate the terms and conditions of ERISA plans, and merely has the effect of providing an additional remedy for recovering unpaid contributions due under such plans.

■ The reasoning of *Rebaldo* (and by implication *Sasso*) was rejected by the Supreme Court in *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). There the Supreme Court held that a state law may relate to a benefit plan, within the meaning of the supersedure clause of ERISA, even if the law is not specifically designed to affect such plans and even if the effect is only indirect. A state law relates to a plan "if it has a connec-

tion" to such plan, but does not so relate when its effect is merely "tenuous, remote or peripheral." *Shaw v. Delta Air Lines,* 463 U.S. 85, 96–97, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983). The Second Circuit has acknowledged that the fundamental premise of *Rebaldo* has been rejected by the Supreme Court. *Travelers Ins. Co. v. Cuomo,* 14 F.3d 708, 719 (2d Cir.1993).

After considering these authorities, the court concludes that § 630 is preempted by ERISA. The question of whether shareholders of an employer are to be held liable for unpaid contributions to a benefit fund is a matter which surely "has a connection" to the benefit plan, and is not merely "tenuous, remote or peripheral." It must be acknowledged that the terminology both in § 1144 and in the cases interpreting it is not sharply precise. But the obvious intent of Congress was to enact a broad supersedure provision and the current case law gives the provision the intended scope.

■ In order for ERISA to preempt a state law it is not necessary that the state law contradict the federal law. However, § 630 does in fact contradict ERISA. ERISA contains a detailed provision regarding civil enforcement. 29 U.S.C. § 1132. This section describes proceedings that may be instituted by plan participants, beneficiaries, and fiduciaries, as well as by the Secretary of Labor, to enforce rights under ERISA. Actions may be brought against parties who are obligated under an ERISA plan, including an employer. 29 U.S.C. § 1145. ERISA does not authorize any type of action against officers and stockholders of a corporate employer to recover contributions owed to an ERISA fund. *See Solomon v. Klein,* 770 F.2d 352 (3d Cir.1985).

It is important to note that the Second Circuit and the Southern District have recently held that § 1144 preempts a New York law similar to § 630—*i.e.,* the New York wage collection law, N.Y.Lab.Law § 198–c. *Gilbert v. Burlington Industries, Inc.,* 765 F.2d 320 (2d Cir.1985); *aff'd sub nom. Roberts v. Burlington Industries, Inc.,* 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 558 (1986); *Calhoon v. Bonnabel,* 560 F.Supp. 101, 109 (S.D.N.Y.1982).

*LMRA Preemption*

■ Defendant makes an additional argument to the effect that § 630 is preempted by § 301 of the LMRA, 29 U.S.C. § 185(a). The Second Circuit has recently held that § 630 is not preempted by LMRA § 301. *Albradco, Inc. v. Bevona,* 982 F.2d 82, 87 (2d Cir.1992).

*Removal Jurisdiction*

■ Although plaintiff's state court case was brought solely on a state law theory, the case was properly removed because of the preemption issues. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987).

## CONCLUSION

The state law upon which plaintiff's action is based is preempted by ERISA, and there is no valid cause of action against defendant under that statute. Plaintiff's claim for $70,-647.17 is dismissed except for that portion of the claim relating to $598.27 owed to the Sportswear Industry Trust Fund.

The court cannot, on the basis of the submissions before it, determine the issues as to the claim for $598.27. However, the court is confident that this part of the case will be settled. The court will confer with the parties on this one remaining matter and then enter judgment.

SO ORDERED.