In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-3302

JEFF WHITELY, *et al.*,

*Plaintiffs-Appellants*,

*v.*

ANTHONY MORAVEC, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:07-cv-788-DFH-TAB—**David F. Hamilton**, *Judge*.

ARGUED SEPTEMBER 20, 2010—DECIDED FEBRUARY 16, 2011

Before EASTERBROOK, *Chief Judge*, and POSNER and
ROVNER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*.    Plaintiffs worked for
Waste Reduction, Inc., at its facilities in Indiana, until
they were laid off in 2006. The next year Waste Reduc-
tion entered bankruptcy in Michigan. Plaintiffs filed
claims for overdue wages and fringe benefits. Their
wage claims were allowed and paid, but they remained
dissatisfied. Indiana imposes penalties on employers

that tarry in remitting wages, see Ind. Code §§ 22-2-5-2, 22-2-9-4(b), and Waste Reduction did not have enough assets to satisfy the penalty claims in the bankruptcy. So the ex-employees filed suit in a state court of Indiana, demanding penalties—not from Waste Reduction (any claims against it belonged in the bankruptcy court) but against the ten shareholders who had the largest equity stakes in the firm.

Indiana does not require corporate investors to make good the firm's debts unless the conditions for piercing the corporate veil have been satisfied. Ind. Code §23-1-26-3. Plaintiffs do not contend there is any basis for investors' liability under Indiana law. But Waste Reduction was incorporated in New York, and the internal affairs doctrine designates a firm's state of incorporation as the source of rules about whether investors are liable for its debts. See *Restatement (Second) of Conflict of Laws* §307; Ind. Code §23-1-49-5. New York requires some investors in privately held firms to guarantee employees' wages and benefits.

> The ten largest shareholders, as determined by the fair value of their beneficial interest as of the beginning of the period during which the unpaid services referred to in this section are performed, of every corporation . . ., no shares of which are listed on a national securities exchange or regularly quoted in an over-the-counter market . . ., shall jointly and severally be personally liable for all debts, wages or salaries due and owing to any of its laborers, servants or em-

ployees other than contractors, for services performed by them for such corporation. . . . An action to enforce such liability shall be commenced within ninety days after the return of an execution unsatisfied against the corporation upon a judgment recovered against it for such services.

N.Y. Bus. Corp. L. §630(a). Language that we have omitted requires notice, which plaintiffs gave. The shareholders concede that the bankruptcy court's decision is equivalent to "return of an execution unsatisfied". But they deny that liability for the penalty specified by Indiana law is covered by §630(a).

Because the former employees complained about unpaid fringe benefits as well as unpaid wages, part of their suit necessarily arose under ERISA (the Employee Retirement Income Security Act), which completely preempts state law on the subject of pension and welfare plans. See *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983). The shareholders removed the proceeding to a federal district court, which concluded that none of plaintiffs' principal claims is sound. 2008 U.S. Dist. LEXIS 15841 (S.D. Ind. Feb. 29, 2008). The court kept the case open on its docket until the bankruptcy court resolved all employees' claims for unpaid wages. Once that had been done, and plaintiffs no longer sought to collect wages (as opposed to penalties) under §630(a)—defendants settled with Randall McKee, the only ex-employee whose wage claims were not fully satisfied in the bankruptcy—the court entered final judgment for defen-

dants. Shortly before doing so, the court denied a motion to remand. The motion was filed more than 18 months after the opinion on the merits, and the court deemed it far too late.

The former employees repeat on appeal the argument that a district court is obliged to remand once it resolves the federal claim that supported removal. That is not, however, what 28 U.S.C. §1367(c)(3), which governs the exercise of supplemental jurisdiction, provides. The statute says that a district judge has *discretion* to relinquish supplemental jurisdiction and remand once the federal claim has dropped out. Discretion to remand implies a power to retain jurisdiction for good reasons. See also *Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010); *Hansen v. Hamilton Southeastern School Corp.*, 551 F.3d 599, 607 (7th Cir. 2008). It is impossible to see how the judge could have abused his discretion by resolving the state-law theory more than a year before anyone asked him to relinquish supplemental jurisdiction. Once a court has invested the time and energy needed to resolve a legal claim, it would be foolish to set the decision aside and remand so that a different court could cover the same ground. Once is enough. Someone who wants a district judge to send state-law issues back to state court should ask far enough in advance that the judge and litigants can save the time needed to gather evidence, file briefs, and write opinions. Remands after decision would produce nothing but wasteful duplication. The district judge did not abuse his discretion in denying this belated motion.

Plaintiffs want to combine the Indiana statute, which makes employers liable for penalties when they do not pay wages on time, with the New York statute, which makes some equity investors directly liable to workers for wages and benefits. Yet neither state passed such a hybrid law, which the district judge likened to a griffin or jackalope. (A griffin is a mythical creature, but a jackalope is the main character in the short film *Boundin'* and therefore must exist. Surely Pixar would not mislead millions of children.) All laws are compromises. A court can't combine the pro-worker features of disparate laws, while disregarding the statutes' pro-employer features. In Indiana the employer is liable for penalties, but investors do not stand behind corporate debts; in New York some investors can be liable, but only for wages and benefits.

True enough, the New York statute says that the ten largest shareholders "shall jointly and severally be personally liable for all debts, wages or salaries due and owing to any of its laborers". Plaintiffs observe that a corporation's liability for penalties is a "debt" to workers. But there is more to the New York law. What follows the phrase we have just quoted is: "for services performed by them for such corporation." Thus the investors stand behind "all debts . . . for services performed". A penalty under Indiana law is not a debt "for" services performed. It may grow out of, and be related to, those services (coupled with the absence of timely payment), but it is not a debt "for" services. The New York legislature used the comprehensive word "debt" so that it would not need to list commissions, fees, and all

other words that designate compensation. As far as we can see, New York has resisted efforts to use §630(a) to make investors liable for anything except compensation. See *Sasso v. Vachris*, 66 N.Y.2d 28, 33–34, 484 N.E.2d 1359, 1362 (1985); *Lindsey v. Winkler*, 277 N.Y.S.2d 768, 770 (Nassau County D. Ct. 1967). Plaintiffs have not pointed us to any New York decision that supports their position—and, as §630(a) is unique among the states, decisions from other jurisdictions are unavailable. The district judge therefore correctly concluded that §630(a) does not make defendants liable for a penalty under Indiana law.

AFFIRMED