NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 10, 2011[*]
Decided August 12, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

Nos. 11-1296 & 11-1412

| | |
|---|---|
| BROOKE N. TAFLINGER | Appeals from the United States District |
|     *Plaintiff-Appellee,* | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
|     *v.* | |
| | No. 1:09-cv-00771-TWP-DML |
| UNITED STATES SWIMMING, INC., | |
| and WESTFIELD WASHINGTON | Tanya Walton Pratt, |
| SCHOOL CORPORATION, | *Judge.* |
|     *Defendants-Appellants.* | |

### O R D E R

The district court resolved all of the federal claims in this lawsuit and remanded the remaining state-law claims to the Indiana court in which plaintiff Brooke Taflinger originally filed it. Defendants United States Swimming, Inc., and Westfield Washington School Corporation appeal, arguing that the district court abused its discretion by not

---

[*] We granted the appellants' motion to waive oral argument, and the appellee has not contested that decision or sought to have argument reinstated. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

maintaining supplemental jurisdiction over the state-law claims. We vacate the district court's judgment and remand.

The following facts are undisputed. Taflinger was an elite swimmer who competed at the University of Florida and Indiana University and qualified for the Olympic trials in 2000 and 2004. As a result of a criminal investigation, she learned in 2008 that Brian Hindson, her former swimming coach, had secretly videotaped her on at least one occasion during the summer of 2000 as she changed clothes in a locker room at Westfield High School, part of the Westfield Washington school district. The video of Taflinger was found on Hindson's laptop, but there is no evidence that he ever broadcast or disseminated it. Hindson eventually pleaded guilty to 16 counts relating to the production, distribution, and possession of child pornography—none relating to the footage of Taflinger, who was 18 when she was videotaped. Hindson is now serving 400 months in federal prison.

Hindson was never employed by the Westfield Washington school district. He rented the pool at Westfield High School during the summer of 2000 so that members of the swimming club he founded, Central Indiana Aquatics, could train and compete in meets there. Hindson and his club were not affiliated with or regulated by Westfield Washington, nor did the school district supervise Hindson's use of the pool. Taflinger swam with Hindson's club team that summer, but she was not a student at Westfield High School; in fact, she had graduated earlier that year from Kokomo High School, in another school district.

United States Swimming, a Colorado corporation, is the national governing body for swimming. It administers competitive swimming events for its members. Taflinger was a member of United States Swimming but never executed any type of contract with the organization. Hindson was never an employee or agent of United States Swimming, and the organization did not supervise his coaching or his management of his swimming clubs.

In June 2009, Taflinger filed this suit in Hamilton County Superior Court against Hindson, United States Swimming, Westfield Washington, Central Indiana Aquatics, Indiana Swimming (the state chapter of United States Swimming), and two other school districts. She asserted generally that she suffered mental trauma, humiliation, and damage to her reputation as a result of the videotaping, and that the other defendants had not done enough to control Hindson. Her complaint comprised 16 claims: three under 42 U.S.C. § 1983, two under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), and eleven arising under Indiana law. Westfield Washington was included as a defendant in the federal claims; United States Swimming was not. As for the state claims, Taflinger sought to hold both defendants liable for intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy by public disclosure of private facts,

invasion of privacy by physical intrusion, and negligent supervision. To that list she added against United States Swimming claims for breach of a duty of care based on a special relationship, and for breach of a contractual duty to provide a safe environment. She also brought claims against Westfield Washington for negligence and breach of a duty of care.

Within days, the defendants removed the case to federal court. *See* 28 U.S.C. § 1441. Default judgments were entered against Hindson and Central Indiana Aquatics, and Taflinger dismissed her complaint as to Indiana Swimming and the other two school districts, leaving as defendants only United States Swimming and Westfield Washington. In December 2009 the district court dismissed Taflinger's claims of intentional infliction of emotional distress and negligent infliction of emotional distress against United States Swimming. Taflinger afterward voluntarily dismissed the latter of these claims as against Westfield Washington.

In June 2010, after a year of discovery, United States Swimming and Westfield Washington moved for summary judgment on all remaining claims. In January 2011 the district court granted summary judgment for Westfield Washington on the federal claims but did not reach the merits of the unresolved state claims. In addressing the federal claims against Westfield Washington (for alleged violations of the Fourth Amendment and Title IX), the district court reasoned that there is no evidence that Hindson was an employee or agent of Westfield Washington, or that the school district knew or should have known about his clandestine filming of his club's swimmers.

With no more federal claims left, the district court then remanded the remaining state claims to the Hamilton County court. After citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), which directs district courts to consider "judicial economy, convenience, fairness, and comity" when deciding whether to continue exercising jurisdiction over unresolved state-law claims after no more federal claims remain, the district court said that the factors identified in that opinion weighed in favor of remand. The court did not elaborate.

United States Swimming and Westfield Washington filed appeals from the order remanding the state claims, and we have consolidated the two cases. Taflinger did not appeal the grant of summary judgment on her federal claims. The appellants contend that the district court abused its discretion when it remanded the state claims rather than continuing to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c); *Whitely v. Moravec*, 635 F.3d 308, 311 (7th Cir. 2011).

As the district court recognized, we have said that a district court ordinarily should relinquish jurisdiction over supplemental state-law claims if all federal claims are dismissed

before trial. *See Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009). But the district court is not required to give up jurisdiction; that decision is within the court's discretion. *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 589 F.3d 881, 883 (7th Cir. 2009). Before deciding, the district court must make "a considered determination" as to whether it should hear the state claims. *See Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010).

As far as we can tell, that did not happen in this case. The district court cited the *Carnegie-Mellon* factors—judicial economy, convenience, fairness, and comity—but then simply stated without analysis that those factors weighed in favor of remand. We are not persuaded that they do, but the absence of an explanation for that assessment is enough for us to conclude that the district court abused its discretion. *See Montano v. City of Chicago*, 375 F.3d 593, 601-02 (7th Cir. 2004).

Although generally a district court should decline to exercise supplemental jurisdiction over state-law claims that were not thoroughly developed in the course of resolving the federal claims, we have recognized that the interest in judicial economy compels a court to retain jurisdiction over state claims when substantial resources already have been committed to deciding them, or when there is no doubt about how those claims should be decided. *See Dargis v. Sheahan*, 526 F.3d 981, 990-91 (7th Cir. 2008)*; Miller Aviation v. Milwaukee Cnty. Bd. of Supervisors*, 273 F.3d 722, 731 (7th Cir. 2001); *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994).

As the appellants note, the litigants and the district court have expended considerable time and resources—19 months from removal to summary judgment—completing discovery and developing a full record to litigate all of Taflinger's claims, including the state claims. *See Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 608 (7th Cir. 2008) (concluding that length of time since litigation began and completion of discovery favored district court's decision to retain jurisdiction); *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 617 (7th Cir. 2001) (same); *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994) (same). The district court, in fact, already had evaluated and dismissed two of Taflinger's state claims as against United States Swimming. And at this point, as even Taflinger concedes, the appellant's motions for summary judgment on the state claims are ready to be decided, and remanding the claims to the state court will prolong the resolution of those motions.

And there is the rub, because the outcome of those motions is clear. The district court already has concluded that there is no evidence that Hindson was an employee or agent of Westfield Washington, or that the school district knew or should have known about his misconduct. The same must be said about United States Swimming, against which

Taflinger's claims are even more tenuous. Hindson rented a pool from Westfield Washington and allowed his club members, including Taflinger, to use it. As far as this record shows, that is the only connection between Taflinger and the appellants, and there is no evidence of any duty, contractual or otherwise, running to her. And Taflinger, who in this court ignores the appellants' argument that her state claims lack merit, apparently concedes that a decision adverse to her is inevitable. *See York v. Fredrick*, 947 N.E.2d 969, 976 (Ind. Ct. App. 2011) (concluding that intent to harm is an element of intentional infliction of emotional distress); *Vargas v. Shepherd*, 903 N.E.2d 1026, 1031 (Ind. Ct. App. 2009) (concluding that liability for public disclosure of private facts requires communication to the public at large); *Curry v. Whitaker*, 943 N.E.2d 354, 358 (Ind. Ct. App. 2011) (concluding that invasion of privacy by physical intrusion requires intrusion into plaintiff's private physical space); *Griffin v. Simpson*, 948 N.E.2d 354, 357 (Ind. Ct. App. 2011) (explaining that, to prevail on negligence claim, plaintiff must establish that defendant owed a duty).

The district court's order remanding the state claims is **VACATED**, and the case is **REMANDED** to the district court for further proceedings consistent with this order.