Everett v Everett (2023 NY Slip Op 05391)

Everett v Everett

2023 NY Slip Op 05391

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2022-01629
 (Index No. 51931/19)

[*1]Richard Everett, appellant, 
v
Robert C. Everett, respondent.

Brian R. Hoch, White Plains, NY, for appellant.
Sarna & Associates, P.C., Upper Nyack, NY (James A. Sarna of counsel), for respondent.

DECISION & ORDER
In an action pursuant to Business Corporation Law § 630 to recover unpaid wages, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated February 4, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
In 2019, the plaintiff commenced this action pursuant to Business Corporation Law § 630 to recover unpaid wages arising out of the termination of his employment in October 2012 from a family-owned company in which the plaintiff was a shareholder. Thereafter, the defendant moved for summary judgment dismissing the complaint, and the plaintiff moved for summary judgment on the issue of liability. In an order dated February 4, 2022, the Supreme Court granted the defendant's motion and denied the plaintiff's motion. The plaintiff appeals.
Business Corporation Law § 630(a) imposes personal liability on the 10 largest shareholders of a closely held corporation for the payment of wages and salaries owed to, among others, its "employees." The statute was enacted to protect those employed in "subordinate and humble capacities and to whom the hardship would be great, if their wages or salaries were not promptly paid" (Bristor v Smith, 158 NY 157, 159; see Lindsey v Winkler, 52 Misc 2d 1037, 1038 [Nassau Dist Ct, 2d Dist]; Kane v Benson, 86 FRD 460, 462 [ED NY]). "The statutory provision, being penal in its nature, should receive a strict construction by the courts" (Bristor v Smith, 158 NY at 158).
Here, the defendant established, prima facie, that the plaintiff was not an employee within the meaning of Business Corporation Law § 630, as the plaintiff held equity ownership and an executive position in the subject company since 1985 (see Depperman v Chenango Val. Pet Foods, 201 AD2d 936; Herman v Levanne, 77 Misc 2d 653 [Nassau Dist Ct, 1st Dist], affd 79 Misc 2d 799 [App Term, 2d Dept]). Moreover, the defendant established, prima facie, that the plaintiff was not entitled to the protections afforded under Business Corporation Law § 630 because he failed to serve the defendant with notice of intent to hold the defendant liable within 180 days after the [*2]plaintiff ceased providing services to the subject company in October 2012 (see Ingvarsdottir v Gaines, Gruner, Ponzini & Novick, LLP, 144 AD3d 1099, 1102). In opposition to the defendant's prima facie showings, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's motion for summary judgment on the issue of liability.
DUFFY, J.P., CHAMBERS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court